UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CRATTY,

    Plaintiff,

v.

CITY OF ALLEN PARK and
DANIEL MACK,

    Defendants.

Case No. 17-11724
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [29]**

Charles Cratty sued the City of Allen Park and Officer Daniel Mack alleging malicious prosecution and abuse of process in contravention of the Fourth Amendment. (R. 1.) After Defendants objected to producing citizen complaints against Mack that were lodged after the incident at issue in this case, Cratty filed a motion to compel and to extend the discovery deadline. (R. 22.) The Court referred the motion to Magistrate Judge Elizabeth Stafford who granted the motion to compel. (R. 29.) She later denied Cratty's motion to extend the discovery deadline. (R. 31.)

Defendants have objected to the Magistrate Judge's order granting the motion to compel discovery. (R. 30.) For the reasons that follow, the Court overrules Defendants' objection and affirms the Magistrate Judge's order.

**I.**

The Magistrate Judge's order resolved a nondispositive discovery dispute. *See Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly

erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A ruling is "'clearly erroneous' when, although there is evidence to support it, the reviewing court. . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted).

Relatedly, in deciding discovery disputes, a magistrate judge is entitled to the same broad discretion as a district judge and her order is overruled only upon a finding of an abuse of discretion. *State Farm Mutual Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 703 (E.D. Mich. 2017) *report and recommendation adopted* No. 14-11700, 2017 WL 3116261 (July 21, 2017); *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 209 (6th Cir. 1995). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

## II.

Defendants do not mention this standard of review for an objection to a nondispositive discovery motion, let alone state how they have met that standard. (*See* R. 30.) Instead, their objection argues anew why the requested discovery is not relevant and should therefore not be compelled. (*Id.*) They do not identify how the Magistrate Judge's order was an abuse of discretion—that is, that she applied the wrong legal standard, misapplied the correct legal standard or relied on erroneous findings of fact. *See First Tech. Safety Sys., Inc.*, 11 F.3d at 647. Indeed, they admit in their objection that "the Sixth Circuit has not specifically addressed whether post-

2

incident evidence can be used to establish" a policy under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). (PageID.716.) On this record, the Court cannot say that the Magistrate Judge clearly erred in finding that "[e]vidence of citizens' complaints made after Cratty's arrest, and Allen Parks' treatment of them, could provide support for Cratty's claim that the City has had an official policy to disregard Mack's alleged violation of citizens' rights." (PageID.709.) The Court will therefore overrule Defendants' objection.

## III.

For the foregoing reasons, the Court AFFIRMS the Magistrate Judge's order granting Plaintiff's motion to compel discovery. (R. 29.)

SO ORDERED.

Dated: June 14, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2018.

s/Keisha Jackson  
Case Manager